ASHBY ROBERTSON CARVER, JR.

v.

COMMONWEALTH OF VIRGINIA

No. 0608-92-2

Decided September 7, 1993

COUNSEL

G. Alexander Weimer, Jr. (Margaret W. Parrish, on brief), for appellant.

Virginia B. Theisen, Assistant Attorney General (Stephen D. Rosenthal, Attorney General, on brief), for appellee.

OPINION

**FITZPATRICK, J.**—On appeal from a jury conviction for grand larceny, Ashby Robertson Carver, Jr. (appellant) argues that the trial court erred by: denying his motion to strike the Commonwealth's case; refusing to instruct the jury as to petit larceny, misdemeanor unauthorized use, and on the maritime theory of salvage; and, denying his motion for a mistrial on the basis that the jury was not unanimous in its verdict. We find that the trial judge erred by accepting the verdict as rendered without following the requirements of Rule 3A:17(d). Accordingly, we reverse the conviction.[1]

## BACKGROUND

Appellant was convicted of grand larceny of a 1987, seventeen-foot Hobie Cat sailboat. The jury fixed his punishment at a fine of $2500.

At the conclusion of trial, following the reading of the jury's verdict, the jury was polled. During polling, the following exchange transpired:

---

[1] Because of our disposition of this case, we do not reach appellant's arguments on the denial of the motion to strike or instruction of the jury.

| | |
|---|---|
| JUROR SCHULTZ: | I didn't want to, but everybody else thought he was guilty. I think he's innocent, but I voted because they said that he was guilty, he'd only be fined. |
| THE COURT: | Well, are you in accord with this verdict? |
| JUROR SCHULTZ: | Yes. |

Following the polling, appellant moved for a mistrial on the basis that the verdict was not unanimous. The trial court asked defense counsel, "Is it Ms. Schultz?" Without further questioning, Juror Schultz stated: "I went along, and I said yes." The following exchange then occurred between the court and the juror:

| | |
|---|---|
| THE COURT: | Let me explain to you why we're all here. We do not want you to come to a verdict that you do not agree with. The verdict must be unanimous. If you all need some more time to discuss this, or are you in agreement that the verdict which was announced that Mr. Carver is guilty and the finding was guilty of grand larceny and a fine of $2500? |
| JUROR SCHULTZ: | Yes. |
| THE COURT: | That is your verdict, and you are satisfied with that? |
| JUROR SCHULTZ: | Yes. |
| THE COURT: | All right. Thank you, ma'am. |

The court denied appellant's motion to set aside the verdict based on the juror's initial response, noting that the court was "going to have to take her at her word."

## UNANIMOUS VERDICT - MOTION FOR MISTRIAL

■ Article 1, section 8 of the Constitution of Virginia guarantees to a criminal defendant tried by jury "a speedy and public trial, by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty." *Id.*; *see also* Rule 3A:17(a).[2] "Under the statutory scheme, the jury determines the guilt or innocence of the accused. If

---

[2] Rule 3A:17(a) provides:

(a) *Return.* - In all criminal prosecutions, the verdict shall be unanimous, in writing and signed by the foreman, and returned by the jury in open court.

the jury finds that he is guilty, it then 'ascertains' or 'fixes' the maximum punishment in accordance with contemporary community values and within the limits established by law." *Duncan v. Commonwealth*, 2 Va. App. 342, 345, 343 S.E.2d 392, 394 (1986).

In this case, when the jury was polled, one juror replied: "I think he's innocent, but I voted because they said that he was guilty, he'd only be fined." The trial court properly explained to the juror that the verdict must be unanimous and inquired of the juror whether she was in agreement with the verdict. The juror then indicated that she was in agreement with the verdict as rendered.

■ Appellant argues that the trial court erred in questioning the juror in open court and in failing to grant a mistrial. "On appeal the denial of a motion for a mistrial will not be overruled unless there exists a manifest probability that the denial of a mistrial was prejudicial." *Harward v. Commonwealth*, 5 Va. App. 468, 478, 364 S.E.2d 511, 516 (1988) (citing *LeVasseur v. Commonwealth*, 225 Va. 564, 589, 304 S.E.2d 644, 657 (1983), *cert. denied*, 464 U.S. 1063 (1984)).

■ A trial court has discretionary authority to ask appropriate neutral questions to clarify matters of confusion in a juror's response to a poll. *See State v. Hatch*, 724 S.W.2d 643, 644-45 (Mo. Ct. App. 1986); *State v. Holloway*, 106 N.M. 161, 164, 740 P.2d 711, 715 (Ct. App.), *cert. denied*, 106 N.M. 405, 744 P.2d 180 (1987). In this case, however, the juror's response does not appear to be based on confusion. Rather, the juror expressed her belief that appellant was innocent, and explained the reason for her vote of guilty was that appellant would "only be fined."

The juror's response indicated a clear disregard of the court's preliminary instructions and an improper basis for her vote of guilty. The Supreme Court of Virginia has held:

No juror should ever yield a conscientious opinion deliberately formed after a full and fair investigation of the case, as to the guilt or innocence of the accused, but jurors should not be invited to disagree if they can. . . . [I]t is the duty of the jurors to discuss the evidence in a spirit of fairness and candor with each other, and with open minds to give careful consideration to the views of their fellows, and, if it can be done without sacrifice of conscientious convictions, agree upon a verdict. "By such means and such only, in a body where unanimity is required, can safe and just results be attained, and without them trial by jury, instead of being

an essential aid in the administration of justice, would be a most effectual obstacle to it."

*Scott v. Commonwealth,* 143 Va. 510, 526-27, 129 S.E. 360, 365 (1925) (citations omitted).

We hold that when a juror, who fully understands the import of the question presented by the court in the polling of the jury, answers that his or her belief is contrary to the verdict rendered, the verdict is not unanimous and cannot be accepted. In such instances, Rule 3A:17(d) provides:

> When a verdict is returned, the jury shall be polled individually at the request of any party or upon the court's own motion. If upon the poll, all jurors do not agree, the jury may be directed to retire for further deliberations or may be discharged.

Accordingly, the trial judge erred in accepting the verdict as rendered without further deliberation of the jury.

For the reasons set forth above, we reverse the conviction and remand the case to the trial court for further proceedings, if the Commonwealth be so advised.

*Reversed and remanded.*

Moon, C.J., and Benton, J. concurred.