# CIRCUIT COURT OF THE CITY OF RICHMOND

Jacqueline J. Green

v.

Erica Harris

## April 27, 1998

## Case No. LC-2767-1

BY JUDGE RANDALL G. JOHNSON

This personal injury case was tried on April 23, 1998. It was one of two cases tried in the same courtroom and before the same presiding judge on that day. Because of that, the case, which should have started at 10:00 and which probably would have been given to the jury just before or just after the court's normal 1:00 lunch recess, did not start until approximately 1:35 and, with a recess to accommodate closing argument in the other case, was not given to the jury until 5:30.

At 6:50, the jury indicated they had reached a verdict. It was read by the court and was for the defendant. At the request of plaintiff's counsel, the jury was polled. When asked if the verdict was her verdict, one of the jurors answered "No." Upon further questioning by the court, the juror said that she did tell the other jurors she agreed to the verdict, but that she did so only because it was almost 7:00. She did not say why 7:00 was significant or why she felt the jury had to reach a verdict by that time.

The court explained to that juror and to the other members of the jury that they did not have a time limit and that they should not agree to a verdict simply because it was getting late. Further, the court told that juror and the other members of the jury that none of them should be intimidated by any other juror or jurors into agreeing to a verdict that he or she did not really agree to. The court then read the "Allen Charge:"

As you have been told, your verdict must be unanimous. If you can possibly reach a verdict, it is your duty to do so. You should listen to the views and opinions of your fellow jurors with fairness and candor, and you should give consideration to what they say. However, you must decide the case for yourself, and you should reach an agreement only if that can be done without sacrificing your individual judgment. During the course of your deliberations, each of you, whether in the majority or the minority, should not hesitate to re-examine your own views and change your opinion if you are convinced it was wrong. No juror, however, should give up his or her honest opinion as to the evidence solely because of the opinion of his or her fellow jurors or for the mere purpose of returning a verdict.

If you can reach a decision without surrendering your conscientious opinion, it is your duty to do so.

Please return to the jury room and give the matter your further consideration.

Because prior commitments of counsel and at least two jurors made coming back for a second day unfeasible, the jury was directed to immediately resume their deliberations. After the jury had returned to the jury room, counsel for the plaintiff moved for a mistrial, arguing that it was now impossible for the jury to reach a unanimous verdict and that any verdict subsequently returned would be tainted. The court took the motion under advisement.

At 7:45, the jury again indicated that they had reached a verdict. They were brought into the courtroom and the verdict, which was again for the defendant, was read by the court. The jury was again polled. This time, each juror stated that the verdict was his or her verdict. With regard to the juror who had earlier disagreed with a defendant's verdict, she said that she now agreed with it. Upon further questioning by the court, the juror said the other jurors had pointed out several inconsistencies in the plaintiff's case and that she was now satisfied that a defendant's verdict was the proper verdict. In response to the court's concern, stated in the form of a question to her, that the juror might have agreed to the verdict merely because she thought that was what the other jurors wanted her to do, she emphatically, but with good humor, said: "I don't care anything about them."[1] The court then dismissed

---

[1] No court reporter was present at trial, so the statement of the juror is set out from the court's notes and memory. There is a saying that tells lawyers "If it is important enough to be in court, it is important enough to have a court reporter present." Although there are

the jury, and plaintiff's counsel renewed his motion for a mistrial. It is that motion which is now before the court.

The court has been unable to find a case from the Supreme Court of Virginia that discusses what a trial court should do when a juror in a civil case responds to a post-verdict jury poll in the negative. The law in criminal cases, however, is clear. Rule 3A:17(d) of the Rules of the Supreme Court of Virginia provides:

> *Poll of Jury.* — When a verdict is returned, the jury shall be polled individually at the request of any party or upon the court's own motion. If upon the poll, all jurors do not agree, *the jury may be directed to retire for further deliberations or may be discharged*

Second emphasis added.

Thus, in criminal cases, it is entirely appropriate for the court to require further jury deliberations even after a juror indicates disagreement with the announced verdict. It is also appropriate for the court to question a dissenting juror to determine whether the disagreement is genuine. *See, e.g., Carver v. Commonwealth*, 17 Va. App. 7, 10, 434 S.E.2d 916 (1993) ("A trial court has discretionary authority to ask appropriate neutral questions to clarify matters of confusion in a juror's response to a poll."). The court sees no reason why those rules should not apply to civil cases as well, and the court now holds that they do.

Here, the first jury poll indicated that one juror did not agree with the announced verdict. The court asked what it felt were appropriate neutral questions to determine whether the dissenting juror's disagreement was genuine. The court determined that it was. The jury was given an additional instruction, the "Allen Charge," and was directed to deliberate further. After an additional 45 minutes, the jury again said it had a verdict. This time, the jury poll indicated unanimity. The court again asked what it felt were appropriate neutral questions, but this time to determine whether the once dissenting juror's *agreement* was genuine. The court determined that it was. If the court is correct in its holding that the rule that applies in criminal cases also applies in civil cases, the court's actions were proper, and the court holds that they were. Plaintiff's motion for a mistrial is denied.

---

obvious exceptions to this maxim, such as most infant settlements and motions for continuances, lawyers would do well to heed it.

*Order*

On April 23, 1998, came the parties, in person and by counsel, and came also a jury, to wit: Linda Griffin, Franetta Davis, Kristine Dowling, Owen Layne, Mary Olinger, Suzanne Rhodenbaugh, and Andrew Scudder, who were sworn to well and truly try the issues joined and a true verdict give according to the law and the evidence.

The evidence of the plaintiff and the defendant was presented. The plaintiff's rebuttal evidence was presented. The plaintiff, by counsel, moved to strike the defendant's evidence on liability, which motion was sustained.

After receiving instructions from the court and hearing arguments of counsel, the jury retired to their room to consult of their verdict, and after some time returned into court with the following verdict:

We, the jury, on the issues joined, find in favor of the defendant.

/s/ *Andrew Scudder*
Foreman

The plaintiff, by counsel, moved to set aside the verdict and to order a mistrial, on grounds stated in the record, which motion was taken under advisement, and the case was continued generally. And the court having now considered plaintiff's motion, and for the reasons stated in the letter opinion dated April 27, 1998, it is ordered that plaintiff's motion to set aside the verdict and for a mistrial is denied, and judgment is entered in favor of the defendant, plus defendant's costs, plaintiff's objection being noted. A copy of this order was this day mailed to counsel of record.