COURT OF APPEALS OF VIRGINIA


Present:  Judges Elder, Bray and Senior Judge Baker
Argued at Richmond, Virginia


DWAYNE HUMBERT, A/K/A
 DAVID JOHN BROWN
                                        OPINION BY
v.    Record No. 0745-98-2         JUDGE LARRY G. ELDER
                                          JUNE 1, 1999
COMMONWEALTH OF VIRGINIA


            FROM THE CIRCUIT COURT OF THE CITY OF RICHMOND
                    James B. Wilkinson, Judge

            Patricia P. Nagel, Assistant Public Defender
            (David J. Johnson, Public Defender, on
            brief), for appellant.

            Steven A. Witmer, Assistant Attorney General
            (Mark L. Earley, Attorney General, on brief)
            for appellee.


     Dwayne Humbert (appellant) appeals from his jury trial

convictions for assault and battery on a law enforcement officer

and possession of cocaine.  On appeal, he contends the trial

court erroneously (1) denied his motion for a mistrial when one

of the jurors initially was unable to confirm that she supported

the guilty verdicts and (2) held the evidence was sufficient to

support the assault and battery conviction.[1]  Because we hold

that the trial court erred in denying appellant's mistrial

_____

     [1]The circumstantial evidence, viewed in the light most
favorable to the Commonwealth, see Servis v. Commonwealth, 6 Va.
App. 507, 523-24, 371 S.E.2d 156, 164-65 (1988), proved that
appellant intended to and actually did "inflict[] . . . corporal
hurt on [Officer McCoy] . . . willfully or in anger . . . by

motion, we reverse appellant's convictions and remand for a new trial.

## I.

## BACKGROUND

Appellant was arrested for assault and battery on a law enforcement officer, and a search incident to that arrest yielded cocaine. Appellant was tried by a jury for both offenses.

After the jury began its deliberations, the court brought the jury back into the courtroom to tell them that "the hour is

---

some means set in motion by him," Jones v. Commonwealth, 184 Va. 679, 681-82, 36 S.E.2d 571, 572 (1946); see Seegars v. Commonwealth, 18 Va. App. 641, 644, 445 S.E.2d 720, 722 (1994) (holding that battery does not require infliction of injury).

Officer McCoy testified that his upper torso was inside the car as he struggled with appellant's companion. From this position, McCoy saw appellant reach toward the ignition to start the vehicle. McCoy reached for the ignition and yelled stop. Despite McCoy's efforts, appellant started the car, grabbed onto his companion, "stepped on the accelerator," and moved the car forward, "knocking and dragging [McCoy] forward . . . by the force of the automobile." The jury was entitled to infer that appellant intended the natural and probable consequences of his actions in ignoring McCoy's protests and moving the car forward with the knowledge that McCoy was partially inside the car and struggling with appellant's companion. See Campbell v. Commonwealth, 12 Va. App. 476, 484, 405 S.E.2d 1, 4 (1991) (en banc).

To the extent that the testimony of Officer McCoy may have conflicted with that of bystander Steve Tanner, the jury, as the finders of fact, was entitled to assess the witnesses' credibility and to accept McCoy's testimony over Tanner's to the extent that the testimony conflicted. See Long v. Commonwealth, 8 Va. App. 194, 199, 379 S.E.2d 473, 476 (1989). Further, that appellant may have acted with an intent to flee the scene does not preclude a finding that he also acted with an intent to commit assault and battery. See Herrel v. Commonwealth, 28 Va. App. 579, 588, 507 S.E.2d 633, 637 (1998).

-

getting late.  I don't know what your problem is and I don't want to know how much longer you're going to be.  I will just bring you back in the morning."  One juror indicated that they were having difficulty reaching a unanimous decision and voiced a concern about returning the following morning because he was scheduled to have surgery.  The judge told the jury they could deliberate until 5:15 p.m. and that he was not "putting [them] on any time limit."

When a juror said they were having "differences of opinion on assault and battery," the trial court said:

> There is no difference of opinion on assault.  Y'all are not supposed to have a difference of opinion.  The law is the law. And, I described to you what it is.  You listen to the evidence and find the facts. It's simple.  You either believed the witnesses or you didn't.  You have to believe beyond a reasonable doubt.  And, I don't know what would be the problem unless somebody just wants to be arbitrary.

The trial court then re-read the assault and battery instruction to the jury and said:

> I don't see how it can be any clearer than that. . . .  I don't want anybody to give up any conscientious views that you have, but I think you should listen to your fellow jurors . . . to see if you can come to a verdict.  Some jury is going to come to a verdict in this case.  Why do you want to shift your burden?  All right.  I will let you return [in] a little while.

Before the jury came back a second time, the court indicated that it would "grant a mistrial on the assault if they

are hung." Defense counsel stated, "Judge . . . I will withdraw it," implying that he previously had made a mistrial motion, but no prior motion appears in the record. The trial court then questioned the jury about whether they believed they could reach a unanimous verdict. Several jurors indicated that they did not think they could, one indicated that it was possible, and one indicated that he or she did not think appellant was guilty. The trial court then returned them to the jury room and spoke with the juror scheduled for surgery. After confirming that the juror would be able to return to deliberate the day following his surgery, the trial court returned him to the jury room.

Although the court had not instructed the jury to deliberate further after learning that several jurors believed they could not reach a unanimous verdict and that one juror did not think appellant was guilty, when the court brought the jury back a third time, shortly after conferring with the juror scheduled for surgery, the jury had reached a verdict of guilty on both offenses. When the court polled the jury on defendant's motion to confirm that the guilty verdicts were the verdicts of each juror, each of the first ten jurors responded, "Yes," when the clerk called each of their names. On the eleventh name, the following exchange took place:

> THE CLERK:  Mozelle Barner?
>
> THE COURT:  Where is she?
>
> THE SHERIFF:  Is that you, ma'am?

-

MS. BARNER:  Yes.

THE SHERIFF:  Ma'am --

MS. BARNER:  Yes.

THE SHERIFF:  Can you speak up, please?

MS. BARNER:  I'm sorry.  I can't say it.

[DEFENSE COUNSEL]:  Judge, I ask the record to reflect the juror responded that she --

THE COURT:  I don't know what she said.  You have to -- yes or no, ma'am, that's all.

MS. BARNER:  (Shakes head yes).

THE COURT:  Yes, or no.  That's all.  You have to speak.  What is it, yes or no?

[DEFENSE COUNSEL]:  Judge, respectfully --

THE COURT:  Just a moment, please.  I will do this, [Defense Counsel].

[DEFENSE COUNSEL]:  I just have a --

THE COURT:  There is one more juror.

*     *     *     *     *     *     *

THE CLERK:  Porter Davis?

*     *     *     *     *     *     *

THE COURT:  All right.  Are they your verdicts?

MR. DAVIS:  Yes, sir.

THE COURT:  All right.  Thank you, sir.  All right, ma'am, you have to answer yes or no.

MS. BARNER:  Yes.

[DEFENSE COUNSEL]:  Judge, I am sorry to interrupt.  I would ask the Court to declare a mistrial at this point, Judge.  I don't want to put this lady on the spot anymore than she already is.  I think it's obvious

-

she doesn't feel comfortable dealing with the guilty plea. I would ask the Court to declare a mistrial.

THE COURT: She answers yes or no, either way, that's her prerogative.

[PROSECUTOR]: Judge, I thought I heard her say yes.

THE COURT: I asked her to answer yes or no.

MS. BARNER: I said yes, Your Honor.

THE CLERK: She said yes, Your Honor.

THE COURT: Is that what she said?

THE CLERK: Yes, sir.

THE COURT: She said yes.

(Emphasis added).

While the jury was deliberating on the sentence, the following exchange took place:

> [DEFENSE COUNSEL]: Judge, I would like the record to reflect that the next to the last juror polled took a good amount of time before she said yes to the verdict. She was crying. She was obviously upset. And, I would suggest to the Court that her crying and the amount of time she took indicated that she had some serious, serious reservations about whether or not she could do what the rest of the jury did. I ask the Court to note that for the record, please.
>
> THE COURT: Very well. She was obviously upset to the Court but the Court did not upset her. The Court just asked her to answer yes or no, which she has done. And, there was no coercion one way or the other for her to answer. And, she answered yes. That's all that is necessary. . . . I don't know what this lady's problem was. I am not going to inquire.

-

[DEFENSE COUNSEL]: I didn't want to indicate that the Court forced her. I just wanted to renew my motion for a mistrial based on -- after she was visibly upset and crying and it took her a long time to finally answer, almost under a whisper.

THE COURT: No question about that. I think she said yes long before but I wasn't sure. So, that's the reason I gave her another opportunity. From the jury box to here sometimes it sounds rather soft. But, I think she said yes before. She also -- the record should show she shook her head yes a long time before. She said she just couldn't say it. . . . That was new. But, she did that of her own volition and I will let it stand.

## II.

## ANALYSIS

Appellant contends the trial court erroneously denied his mistrial motion, which was based on an alleged lack of unanimity in the jury verdict. He contends that Juror Barner's initial response to the court's polling of the jury indicated that the guilty verdicts were not hers, thereby invalidating the verdicts. He also contends the trial court should have declared a mistrial earlier in the proceedings, when a majority of the jurors indicated their belief that they would not be able to reach a unanimous verdict but then reached a verdict shortly after learning they would be required to return to finish deliberating at a later time. Finally, he contends the jury was prejudiced by comments from the trial court criticizing the jury

-

for its inability to reach agreement on the assault and battery charge.

As a preliminary matter, we note that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless the objection was stated together with the grounds therefor at the time of the ruling, except for good cause shown or to enable the Court of Appeals to attain the ends of justice."  Rule 5A:18.  Where an accused alleges that the trial court has made improper remarks in the presence of the jury but fails contemporaneously to object, request a cautionary instruction or move for a mistrial, he waives the right to challenge those remarks on appeal.  See Knight v. Commonwealth, 18 Va. App. 207, 216, 443 S.E.2d 165, 170 (1994); cf. Cheng v. Commonwealth, 240 Va. 26, 38-39, 393 S.E.2d 599, 605-06 (1990) (holding that "errors assigned because of a prosecutor's alleged improper comments or conduct during argument will not be considered on appeal unless an accused timely moves for a cautionary instruction or for a mistrial").  "A motion for a mistrial is untimely and properly refused when it is made after the jury has retired."  Cheng, 240 Va. at 39, 393 S.E.2d at 606.

We hold first that appellant properly preserved only a portion of his argument for appeal.  Although he timely moved for a mistrial, his mistrial motion related only to Barner's response to the jury poll.  Assuming without deciding that appellant's mistrial motion would have been timely regarding his

-

other objections, appellant did not raise any other objections in his motion.  He did not argue to the trial court that the plan to bring the jury back to deliberate on a later date impermissibly coerced the jury as a whole into a verdict.  He also did not object at trial to the court's comments criticizing the inability of the jury as a whole to reach a verdict on the assault and battery charge.  In addition, the alleged errors appellant raises for the first time on appeal do not meet the standards for review under the good cause or ends of justice exception to Rule 5A:18, for they are not "clear, substantial and material."  Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989).  Finally, appellant also failed to include these issues in his petition for appeal, which was limited to his allegation that the trial court erred in denying his mistrial motion.  Thus, no appeal was granted on these issues, and we do not consider them.  See Rule 5A:12(c).

We turn now to whether the trial court erred in refusing to grant appellant's motion for mistrial based on Barner's response to the jury poll.  "'On appeal the denial of a motion for a mistrial will not be overruled unless there exists a manifest probability that the denial of a mistrial was prejudicial.'" Carver v. Commonwealth, 17 Va. App. 7, 10, 434 S.E.2d 916, 917 (1993) (quoting Harward v. Commonwealth, 5 Va. App. 468, 478, 364 S.E.2d 511, 516 (1988)).

-

The Constitution of Virginia entitles "a criminal defendant tried by a jury [to] 'a speedy and public trial, by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty.'"  Id. at 9, 434 S.E.2d at 917 (quoting Va. Const. art. 1, § 8).  Once the jury has returned its verdict "in open court," a defendant has a right to have the jury "polled individually," to confirm that each juror joins in the verdict and that it is, in fact, unanimous.  See Rule 3A:17(a), (d); Clark v. Commonwealth, 135 Va. 490, 498, 115 S.E. 704, 706 (1923), overruled in part on other grounds by Chittum v. Commonwealth, 211 Va. 12, 174 S.E.2d 779 (1970).  The trial court may require each juror to vote yes or no without opportunity for explanation.  See Clark, 135 Va. at 498-99, 115 S.E. at 707.  "There is no right to a special poll to inquire how or why each juror arrived at the verdict."  Shepperson v. Commonwealth, 19 Va. App. 586, 592, 454 S.E.2d 5, 9 (1995).  When a juror expresses confusion in responding to a jury poll, a trial court has "discretionary authority to ask appropriate neutral questions to clarify" that juror's response.  Carver, 17 Va. App. at 10, 434 S.E.2d at 918.  However, when a juror clearly "understands the import of the question presented by the court in the polling of the jury" and "answers that his or her belief is contrary to the verdict rendered, the verdict is not

unanimous and cannot be accepted."[2]  Id. at 11, 434 S.E.2d at

918.

We applied these principles in Carver, 17 Va. App. 7, 434

S.E.2d 916.  In that case, a juror indicated during the jury

poll that she did not believe the accused was guilty, and she

said she joined in the verdict because the other jurors agreed

that he was guilty and said he would only be fined.  See id. at

9, 434 S.E.2d at 917.  After the juror had already expressed

these reservations, the trial court said, "Well, are you in

accord with this verdict?" and the juror responded, "Yes."  See

id.  When counsel for the accused moved for a mistrial based on

the juror's response, the juror said that she "went along" and

said yes, and repeated on two more occasions that she agreed

with the verdict.  See id.  We held in Carver that the juror's

response to the trial court was not based on confusion; rather,

she indicated clearly "her belief that the [accused] was

innocent" and that "the reason for her vote of guilty was that

appellant would 'only be fined.'"  See id.  Under those

circumstances, we said, the juror's response indicated an

improper basis for her vote of guilty and required the

conclusion that the trial court erroneously accepted the jury's

---

[2]Rule 3A:17(d) further provides that "[i]f . . . all jurors
do not agree, the jury may be directed to retire for further
deliberations or may be discharged."  See also Code § 8.01-361
(permitting court to discharge jury "when it appears that they
cannot agree on a verdict or that there is a manifest necessity
for such discharge").

–

verdict as unanimous without requiring further deliberation. See id. at 10-11, 434 S.E.2d at 918.

Appellant contends the circumstances surrounding Barner's response to the jury poll require the same conclusion here. Based on all the circumstances shown by the record, we agree. Although in this case, unlike in Carver, Barner did not indicate expressly that the verdict was not her verdict, the trial court's repeated criticism of the jury during their deliberations makes clear the atmosphere of intimidation that existed by the time it was Barner's turn to respond to the jury poll.[3]

The record demonstrates that, upon recalling the jury late in the day and learning that they were having difficulty reaching a unanimous decision due to "differences of opinion on assault and battery," the trial court said, "Y'all are not supposed to have a difference of opinion. The law is the law. . . . I don't know what would be the problem unless somebody just wants to be arbitrary." It also observed that "[s]ome jury is going to come to a verdict in this case. Why do you want to shift your burden?"

Events immediately following these comments demonstrate their likely coercive effect on Barner. When the court

---

[3]Although appellant did not object to the effect of these comments on the jury as a whole, his mistrial motion must be considered "in context."

-

questioned individual jurors regarding their ability to reach a unanimous verdict, several jurors indicated their belief that unanimity was not possible, and one juror indicated spontaneously that he or she did not think appellant was guilty. However, shortly after these exchanges occurred, before the jury had been instructed to deliberate further and after its members learned they would be required to return another day to continue deliberating, they indicated they had reached a unanimous verdict. It was under these circumstances that Barner became upset, began to cry and indicated that she was "sorry" and "[could not] say it" when asked if she agreed with the guilty verdicts.

Barner never indicated that the verdicts were not hers and, upon the trial court's facially non-coercive request to her to give a yes or no answer, she said yes and thrice confirmed her response. Under ordinary circumstances, we would hold that the trial court did not err in failing to inquire into the reasons for Barner's initial hesitation. However, under the facts of this case, we hold that the totality of the circumstances shows the coercive effect the court's comments to the jury as a whole had on Barner's response to the jury poll. Under these circumstances, we hold the trial court erred in concluding the

verdict was unanimous and, therefore, in denying appellant's motion for a mistrial.

<u>Reversed and remanded.</u>
