COURT OF APPEALS OF VIRGINIA

Present: Chief Judge Huff,* Judge Petty and Senior Judge Annunziata
Argued at Lexington, Virginia


ELLIOTT THOMAS WEBB, JR.
                                                                OPINION BY
v.      Record No. 2181-13-3                    JUDGE ROSEMARIE ANNUNZIATA
                                                                FEBRUARY 24, 2015
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF PULASKI COUNTY
Marcus H. Long, Jr., Judge

        Ryan D. Hamrick (Daniel D. Hamrick, P.C., on briefs), for
        appellant.

        Leah A. Darron, Senior Assistant Attorney General (Mark R.
        Herring, Attorney General, on brief), for appellee.


        Elliott Thomas Webb, Jr. ("appellant") was convicted in a jury trial of cocaine

distribution, after having been convicted two or more times of violating Code § 18.2-248.

Following his conviction, the jury recommended a sentence of thirty years and a $500,000 fine,

and the trial court imposed the recommended sentence. On appeal, he asks that we reverse and

remand the trial court's judgment with regard to sentencing because the jury's sentencing verdict

was not unanimous. Because the record clearly indicates the sentencing verdict was not

unanimous, we reverse the trial court's judgment with respect to sentencing only and remand for

further proceedings under Code § 19.2-295.1.

        The pertinent facts are not in dispute. Following the guilt phase, the jury returned a

verdict of guilty, and defense counsel asked to have the jury polled. The clerk asked the jurors to

"answer yes if this is your verdict." The clerk called each juror by name, and each juror

_____

        * On January 1, 2015, Judge Huff succeeded Judge Felton as chief judge.

responded affirmatively. The jury heard evidence and argument regarding sentencing and retired to deliberate. After announcing its decision on sentencing, defense counsel asked to have the jury polled again. Upon calling out the jurors' names, the second juror answered, "No."[1] The trial court did not react to the polling results, and neither attorney objected or made a motion in response to the jury's lack of unanimity. On July 25, 2013, the trial court entered an order reflecting the jury's guilty verdict and its sentencing decision. Following the preparation of a pre-sentence report, the trial court adopted the jury's recommendation and sentenced appellant accordingly on October 24, 2013.[2]

Appellant did not attack the sentencing verdict until he filed a petition for appeal with this Court. He now argues he was entitled to a unanimous jury verdict at sentencing. He acknowledges he did not object to the sentencing verdict at trial, but asks that we consider his argument on appeal pursuant to the ends of justice exception in Rule 5A:18.

"A trial court's assessment of punishment is reviewed under an abuse of discretion standard." Commonwealth v. Greer, 63 Va. App. 561, 567, 760 S.E.2d 132, 135 (2014). "A trial court 'by definition abuses its discretion when it makes an error of law . . . .'" Id. at 568, 760 S.E.2d at 135 (quoting Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008) (citation omitted). "To the extent that determinations regarding sentencing involve the interpretation of a statute or the common law, such an interpretation is a question of law reviewed *de novo* on appeal." Id.

We recognize a defendant has neither a federal nor state constitutional right to have a jury decide his sentence. See id. at 572, 760 S.E.2d at 137. See also Fogg v. Commonwealth, 215

---

[1] Neither appellant nor the Commonwealth contests the accuracy of the transcript recording the jurors' responses during polling.

[2] The July and October orders do not state whether the verdicts at the guilt and sentencing stages were unanimous.

Va. 164, 166, 207 S.E.2d 847, 849 (1974). Even at the guilt stage, a defendant in a state criminal proceeding has no constitutional right to a unanimous verdict under the Sixth Amendment. See Manns v. Commonwealth, 213 Va. 322, 324, 191 S.E.2d 810, 813 (1972). See also Prieto v. Commonwealth, 283 Va. 149, 180, 721 S.E.2d 484, 503 (2012) ("The Sixth Amendment 'does not require a unanimous jury verdict in state criminal trials.'" (quoting McDonald v. City of Chicago, 561 U.S. 742, 766 n.14 (2010))). Likewise, the Fourteenth Amendment does not extend the right to a unanimous verdict to a defendant in state criminal trial. See McDonald, 561 U.S. at 766 n.14.

Under Virginia law, the right to a unanimous verdict is addressed by the Constitution of Virginia, at the guilt stage, and by statute, at the sentencing stage. Pursuant to Article I, Section 8, of the Constitution of Virginia, a defendant has a right to a unanimous verdict at the guilt stage. Article I, Section 8 provides that "in criminal prosecutions a man . . . shall enjoy the right to a speedy and public trial, by an impartial jury of his vicinage, without whose unanimous consent he cannot be found guilty." Va. Const. art. I, § 8.

> In Virginia, when the court sits without a jury, the trial judge both tries the issue of guilt and fixes the penalty; when the accused demands a jury, the jury performs both functions. Code §§ 19.1-192, -291 and -292. The right to have the jury perform both functions is a part of the right of trial by jury.

Huggins v. Commonwealth, 213 Va. 327, 328, 191 S.E.2d 734, 736 (1972). "The choice of sentencing procedures is a matter for legislative determination." Duncan v. Commonwealth, 2 Va. App. 342, 344, 343 S.E.2d 392, 393 (1986) (citing Ballard v. Commonwealth, 228 Va. 213, 218, 321 S.E.2d 284, 287 (1984)). "Code § 19.2-295.1, which became effective July 1, 1994, provides that after a guilty verdict in a jury trial, 'a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury.'" Bunn v.

Commonwealth, 21 Va. App. 593, 597, 466 S.E.2d 744, 746 (1996) (quoting Code

§ 19.2-295.1).

> [It] establishes the procedure for bifurcating felony trials by jury. "The purpose of the bifurcated trial is to allow the trier of fact to consider the prior . . . record of the accused for sentencing purposes while avoiding the risk of prejudice to the accused when determining guilt or innocence." Gilliam v. Commonwealth, 21 Va. App. 519, 523, 465 S.E.2d 592, 594 (1996).

Byrd v. Commonwealth, 30 Va. App. 371, 373-74, 517 S.E.2d 243, 244 (1999) (citation and

inner quotation marks omitted).

Thus, pursuant to Code § 19.2-295.1, the legislature determined that the jury would

decide sentencing in a separate proceeding after reaching a decision regarding a defendant's guilt

or innocence. We construe Code § 19.2-295.1 in conjunction with Code § 19.2-295, which

provides a defendant with a statutory right to have a jury ascertain his punishment, subject to

certain limitations and qualifications. See Boyd v. Commonwealth, 28 Va. App. 537, 542, 507

S.E.2d 107, 110 (1998) (holding that "the legislature intended the procedures outlined in Code

§ 19.2-295.1 for the jury's ascertainment of punishment to be subject to . . . Code § 19.2-295

. . . ; and . . . Code § 19.2-295.2 . . .").

Code § 19.2-295 provides as follows:

> Ascertainment of punishment
>
> A. *Within the limits prescribed by law, the term of confinement* in the state correctional facility or in jail and the amount of fine, if any, of a person convicted of a criminal offense, *shall be ascertained by the jury*, or by the court in cases tried without a jury.
>
> B. In any case in which a jury has fixed a sentence as provided in this chapter and the sentence is modified by the court pursuant to the authority contained within this chapter, the court shall file with the record of the case a written explanation of such modification including the cause therefor.

- 4 -

(Emphasis added).  We conclude that, upon the election of trial by jury, a defendant has a statutory right, pursuant to Code §§ 19.2-295 and 19.2-295.1, and subject to limitations and qualifications established by the legislature, to have his punishment ascertained by a jury.  See also Rawls v. Commonwealth, 278 Va. 213, 221, 683 S.E.2d 544, 549 (2009).

Code § 19.2-295.1 outlines the appropriate course of action in the event a jury cannot reach a unanimous verdict as to punishment.  It states in pertinent part as follows:

> In cases of trial by jury, upon a finding that the defendant is guilty of a felony or a Class 1 misdemeanor, . . . a separate proceeding limited to the ascertainment of punishment shall be held as soon as practicable before the same jury.

> \*     \*     \*     \*     \*     \*     \*

> *If the jury cannot agree on a punishment* and if the defendant, the attorney for the Commonwealth, and the court agree, in the manner provided in § 19.2-257, then the court shall fix punishment.

> If the sentence imposed pursuant to this section is subsequently set aside or found invalid solely due to an error in the sentencing proceeding, the court shall impanel a different jury to ascertain punishment, unless the defendant, the attorney for the Commonwealth and the court agree, in the manner provided in § 19.2-257,[3] that the court shall fix punishment.

(Emphasis added).

Here, the verdict was not unanimous, as "the jury [could not] agree on a punishment." Cf. Clark v. Commonwealth, 220 Va. 201, 212, 257 S.E.2d 784, 791 (1979) (construing similar language in Code § 19.2-264.4(E) (now Code § 19.2-264.4(D)) to require a unanimous verdict). See also Rule 3A:17.1(h) (providing that, "[s]hould the jury fail to reach *unanimous agreement as to punishment* on any charge for which it returned a verdict of guilty, the court shall impanel a different jury to ascertain the punishment, unless the defendant, the attorney for the

---

[3] Code § 19.2-257 provides that a defendant who pleads not guilty may waive a jury trial "after being advised by counsel and [with] the concurrence of the attorney for the Commonwealth and of the court of record . . . ."

Commonwealth and the court agree that the court shall fix punishment . . ." (emphasis added)).

Thus, the trial court was obligated under Code § 19.2-295.1 to reject the jury's verdict and either impanel a new jury or, with the parties' consent, to decide appellant's sentence itself. By pursuing neither course, the jury sentence imposed by the trial court violated Code § 19.2-295.1.

"[W]hen a juror clearly 'understands the import of the question presented by the court in the polling of the jury' and 'answers that his or her belief is contrary to the verdict rendered, the verdict is not unanimous and cannot be accepted.'" Humbert v. Commonwealth, 29 Va. App. 783, 792-93, 514 S.E.2d 804, 808-09 (1999) (quoting Carver v. Commonwealth, 17 Va. App. 7, 11, 434 S.E.2d 916, 918 (1993)) (footnote omitted). Because the jury did not return a unanimous verdict, appellant was deprived of his statutory right to have the jury ascertain his punishment pursuant to Code § 19.2-295. Thus, the trial court's error in accepting the verdict was "clear, material and substantial." See Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989) (applying the ends of justice exception to Rule 5A:18).

Accordingly, we hold that a miscarriage of justice occurred when the trial court accepted a non-unanimous sentencing verdict from the jury. We reverse the trial court's judgment solely with regard to sentencing and remand the case for further proceedings pursuant to Code § 19.2-295.1.

Reversed and remanded.