COURT OF APPEALS OF VIRGINIA

Present:   Judges Chafin, Decker and AtLee
Argued at Richmond, Virginia


NATHAN LEE SHANKLIN

                                                    MEMORANDUM OPINION* BY
v.        Record No. 0535-17-2                      JUDGE MARLA GRAFF DECKER
                                                    APRIL 17, 2018
COMMONWEALTH OF VIRGINIA


FROM THE CIRCUIT COURT OF WESTMORELAND COUNTY
R. Michael McKenney, Judge

Mason D. Husby (Woodbridge & Coleman, P.C., on brief), for
appellant.

Leah A. Darron, Senior Assistant Attorney General (Mark R.
Herring, Attorney General, on brief), for appellee.


Nathan Lee Shanklin appeals a condition placed on his period of suspended sentence. He

argues that the trial court erred by imposing a waiver of his Fourth Amendment rights as a

condition of his supervised probation. We hold that this issue is procedurally barred by Rule

5A:18. Accordingly, we affirm the judgment of the trial court.

I. BACKGROUND

The appellant was convicted of conspiracy to distribute a controlled substance; the

manufacture or distribution of a controlled substance, third or subsequent offense; possession of

a controlled substance; and possession of ammunition by a felon.[1] See Code

§§ 18.2-248, -250, -256, -308.2. At sentencing, the Commonwealth presented evidence that the

_____

* Pursuant to Code § 17.1-413, this opinion is not designated for publication.

[1] The charges for possession of a controlled substance with intent to distribute while
simultaneously possessing a firearm and possession of a firearm by a felon were dismissed.

appellant had been on supervised probation for about four months at the time that he committed the instant offenses, which involved selling oxycodone and heroin. Further, the house where the sales took place contained a large amount of cash and heroin packaged for distribution, and the appellant was a member of a criminal street gang.

The trial court sentenced the appellant to a total of forty-three years in prison. The court imposed the mandatory minimum of ten years of active time and suspended thirty-three years of the combined sentences for a period of ten years.[2] See Code § 18.2-248(C). As a condition of the suspended sentences, the sentencing order provided that the appellant was subject to supervised probation. As part of that probation, the appellant "waive[d] his Fourth Amendment rights against unreasonable searches and seizures of his person, property or automobiles at any time by any probation officer or law enforcement officer during the period of active supervised probation." During the sentencing colloquy, the appellant indicated that he understood the sentence and did not have any questions. The court also asked defense counsel if there was "anything else" before concluding, and counsel responded, "No, sir."

## II. ANALYSIS

The appellant argues that the trial court erred by imposing a waiver of his Fourth Amendment rights as a condition of the suspension of his sentence and supervised probation. He acknowledges that he did not object in the trial court to this condition and asks that the Court consider this assignment of error under the ends-of-justice exception to Rule 5A:18.

---

[2] The transcript reflects that during the sentencing hearing, the trial court indicated that the period of supervised probation was indefinite. However, the sentencing order provides that the period of the suspension is ten years and that the appellant's supervised probation is "not to exceed" ten years. Regardless of the conflict in the record concerning the trial court's intended length for the period of the suspension and supervised probation, "a court speaks only through its written orders." Wagner v. Shird, 257 Va. 584, 588, 514 S.E.2d 613, 615 (1999). Consequently, the length of the supervised term of the suspended sentence is ten years as provided in the sentencing order.

We do not decide whether the Fourth Amendment waiver constitutes error in the context of these facts because we conclude that regardless, the issue was not raised below and the ends-of-justice exception to Rule 5A:18 does not apply. We look to the alleged error only as it applies to the ends-of-justice analysis. See Dietz v. Commonwealth, 294 Va. 123, 134, 804 S.E.2d 309, 315 (2017) (noting that an appellate court decides cases on "the best and narrowest grounds available" (quoting Commonwealth v. White, 293 Va. 411, 419, 799 S.E.2d 494, 498 (2017))).

Rule 5A:18 provides, in pertinent part, that "[n]o ruling of the trial court . . . will be considered as a basis for reversal unless an objection was stated with reasonable certainty at the time of the ruling, except . . . to enable the Court of Appeals to attain the ends of justice." In determining whether a litigant has satisfied the requirements of the rule, Virginia's appellate courts have "consistently focused on whether the trial court had the opportunity to rule intelligently on the issue." Scialdone v. Commonwealth, 279 Va. 422, 437, 689 S.E.2d 716, 724 (2010) (applying Rule 5:25, the Supreme Court of Virginia counterpart to Rule 5A:18). "In addition, 'a specific, contemporaneous objection gives the opposing party the opportunity to meet the objection at that stage of the proceeding.'" Id. (quoting Weidman v. Babcock, 241 Va. 40, 44, 400 S.E.2d 164, 167 (1991)).

"'The ends of justice exception is narrow and is to be used sparingly,' and applies only in the extraordinary situation where a miscarriage of justice has occurred." Holt v. Commonwealth, 66 Va. App. 199, 209, 783 S.E.2d 546, 550 (2016) (en banc) (quoting Redman v. Commonwealth, 25 Va. App. 215, 220-21, 487 S.E.2d 269, 272 (1997)). "It is never enough for the defendant to merely assert a winning argument on the merits—for if that were enough[,] procedural default 'would never apply, except when it does not matter.'" Winslow v.

Commonwealth, 62 Va. App. 539, 546, 749 S.E.2d 563, 567 (2013) (quoting Alford v.

Commonwealth, 56 Va. App. 706, 710, 696 S.E.2d 266, 268 (2010)).

The Court "considers two questions when deciding whether to apply the ends of justice exception: (1) whether there is error as contended by the appellant; and (2) whether the failure to apply the ends of justice provision would result in a grave injustice." Williams v. Commonwealth, 294 Va. 25, 27-28 (2017) (published order) (quoting Commonwealth v. Bass, 292 Va. 19, 27, 786 S.E.2d 165, 169 (2016)); see also Hines v. Commonwealth, 59 Va. App. 567, 572, 721 S.E.2d 792, 794 (2012) (noting that consideration of the ends-of-justice exception to Rule 5A:18 "is a two-step process: determining whether the alleged error occurred, and, if so, whether justice requires application of the ends of justice provision").[3]

Factors relevant in a sentencing context to identifying whether application of the ends-of-justice exception is warranted include whether the alleged error resulted because the trial court exceeded the sentence authorized by the General Assembly and whether the error was constitutional.[4] See Bass, 292 Va. at 28-29 & n.5, 786 S.E.2d at 170-71 & n.5; see also Frango v. Commonwealth, 66 Va. App. 34, 48, 782 S.E.2d 175, 181 (2016) (applying the ends-of-justice

---

[3] Application of the ends-of-justice exception requires proof of an error that was "clear, substantial and material." Bazemore v. Commonwealth, 42 Va. App. 203, 219, 590 S.E.2d 602, 610 (2004) (*en banc*) (quoting Brown v. Commonwealth, 8 Va. App. 126, 132, 380 S.E.2d 8, 11 (1989)); see also Brown v. Commonwealth, 279 Va. 210, 220, 688 S.E.2d 185, 191 (2010) (noting also that Rule 5A:18's ends-of-justice provision can apply if the complaining party demonstrates that it was "necessary to avoid a grave injustice or the denial of essential rights").

[4] Analyzing whether the ends-of-justice exception is warranted for an alleged sentencing error involves different questions than those relevant in the context of an alleged error related to the conviction itself. See, e.g., Ali v. Commonwealth, 280 Va. 665, 671, 701 S.E.2d 64, 68 (2010) (holding that the exception applies where the record clearly shows that an element of the crime did not occur); Bazemore, 42 Va. App. at 219, 590 S.E.2d at 610 (noting that the ends-of-justice exception applies when the trial court's jury instructions omitted an element of the offense and the Commonwealth did not present evidence on that element); Redman, 25 Va. App. at 222, 487 S.E.2d at 273 (noting that the Court will invoke the ends-of-justice exception if the evidence affirmatively shows that no crime was committed).

exception to reverse a sentence that exceeded the statutory maximum); Webb v. Commonwealth, 64 Va. App. 371, 378-79, 768 S.E.2d 696, 700 (2015) (reviewing pursuant to the ends-of-justice exception the statutory error of accepting a non-unanimous sentencing verdict from a jury). However, our jurisprudence does not require ends-of-justice application if the alleged error is that the condition imposed was not reasonable under the statute in light of the circumstances. See Brittle v. Commonwealth, 54 Va. App. 505, 520, 680 S.E.2d 335, 343 (2009) (declining to apply the ends-of-justice exception when a sentence was "not excessive on its face"); see also Brown v. Commonwealth, 279 Va. 210, 220, 688 S.E.2d 185, 190-91 (2010) (holding that the issue of whether the trial court sentenced the defendant as a juvenile outside of its statutory authority was barred because the Commonwealth conceded it at trial).

The question of whether a trial court erred by imposing a particular condition on a period of supervised probation connected to a suspended sentence is reviewed for an abuse of discretion.[5] Murry v. Commonwealth, 288 Va. 117, 122, 762 S.E.2d 573, 576 (2014). A reviewing court can conclude that "an abuse of discretion has occurred" only in cases in which "reasonable jurists could not differ" about the correct result. Commonwealth v. Swann, 290 Va. 194, 197, 776 S.E.2d 265, 268 (2015) (quoting Grattan v. Commonwealth, 278 Va. 602, 620, 685 S.E.2d 634, 644 (2009)). However, a trial court "by definition abuses its discretion when it makes an error of law." Porter v. Commonwealth, 276 Va. 203, 260, 661 S.E.2d 415, 445 (2008) (quoting Koon v. United States, 518 U.S. 81, 100 (1996)).

In reviewing a condition of probation "imposed by a trial court as part of its sentencing determination," the "only statutory limitation on the court's exercise of its discretion is 'one of

---

[5] Code § 19.2-303 authorizes a trial court to place conditions on a suspended sentence. "Statutes that permit the trial court to impose alternatives to incarceration, such as probation or conditionally suspended sentences, are highly remedial and should be liberally construed to provide trial courts valuable tools for [the] rehabilitation of criminals." Peyton v. Commonwealth, 268 Va. 503, 508, 604 S.E.2d 17, 19 (2004).

reasonableness.'" Murry, 288 Va. at 122, 762 S.E.2d at 576 (quoting Anderson v. Commonwealth, 256 Va. 580, 585, 507 S.E.2d 339, 341 (1998)). The "conditions must be reasonable in light of the nature of the offense, the defendant's background, and the surrounding circumstances." Id. The Supreme Court has recognized a probationer's constitutional right to "retain *some* expectation of privacy." Id. at 126, 762 S.E.2d at 578 (emphasis added). In evaluating the reasonableness of a court-imposed waiver of an offender's Fourth Amendment rights, the Court must balance the individual's "privacy interests against the Commonwealth's interests in imposing the condition" under the circumstances.[6] Id. at 123, 762 S.E.2d at 577.

The appellant relies on Murry, 288 Va. 117, 762 S.E.2d 573, for the propositions that the challenged condition was unreasonable and that it qualifies for application of the ends-of-justice exception to Rule 5A:18. In Murry, the Supreme Court of Virginia held that the imposition of an indefinite waiver of the defendant's Fourth Amendment rights as a condition of probation was not reasonable under the circumstances of that case. Id. at 121-22, 130, 762 S.E.2d at 575-76, 581 ("The only statutory limitation on the court's exercise of its discretion is 'one of reasonableness.'" (quoting Anderson, 256 Va. at 585, 507 S.E.2d at 341)). The Supreme Court did not hold that the Fourth Amendment waiver condition was unconstitutional or unreasonable on its face.[7] Compare Murry, 288 Va. at 130, 762 S.E.2d at 581 (holding that the condition was

_____

[6] In contrast, if a defendant waives his Fourth Amendment rights pursuant to a plea agreement, the question is whether "the waiver was given voluntarily and did not result from coercion." Anderson, 256 Va. at 584, 507 S.E.2d at 341.

[7] The Court specifically noted the distinction between the posture in Murry, in which the probationer challenged the reasonableness of a probation condition, and other cases involving challenges to the legality of particular searches. Murry, 288 Va. at 125, 762 S.E.2d at 578. Nonetheless, it considered Murry's challenge under the framework of those cases because it also "affect[ed]" his "Fourth Amendment rights." Id. Regardless, "[t]he presence of a constitutional error is . . . not necessarily dispositive" on the issue of ends of justice. Bass, 292 Va. at 28 n.5, 786 S.E.2d at 170 n.5; see also Jones v. Commonwealth, 293 Va. 29, 47, 795 S.E.2d 705, 716 (2017) (noting that criminal defendants can waive constitutional claims by failing to preserve them in the trial court).

"not reasonable in light of Murry's offenses, his background, and the surrounding circumstances"), with State v. Bennett, 200 P.3d 455, 463 (Kan. 2009) ("The condition of probation in this case, requiring that Bennett submit to random, suspicionless searches, violates the defendant's constitutional rights under the Fourth Amendment and § 15 of the Kansas Constitution Bill of Rights."), superseded by statute on other grounds Kan. Stat. § 21-6607, as recognized in State v. Phillips, No. 107,341, 2014 Kan. App. Unpub. LEXIS 631 (Aug. 8, 2014). Significantly, unlike the appellant, the defendant in Murry raised the issue at sentencing and the trial court had the opportunity to rule on the matter. See Murry, 288 Va. at 121, 762 S.E.2d at 575. Thus, no procedural bar was before the Supreme Court in Murry and its decision was entirely on the merits under very different facts and legal considerations.

In the instant case, the alleged error is that the condition placed on the appellant's period of supervised probation was unreasonable, not that the condition was "excessive on its face." See Brittle, 54 Va. App. at 520, 680 S.E.2d at 343. The probation condition requiring the appellant to waive his Fourth Amendment rights for a period of ten years was certainly within the statutory maximum because the trial court could instead have imposed the maximum sentence of life plus fifty-five years. See Code §§ 18.2-10, -248, -250, -256, -308.2; see also Du v. Commonwealth, 292 Va. 555, 563-64, 790 S.E.2d 493, 498-99 (2016) (explaining that a trial court acts within its discretion when it imposes a sentence within the statutory range). The only error that the appellant alleges is that it was an unreasonable restriction. This type of error simply does not constitute a grave injustice and thus does not qualify for the ends-of-justice exception to Rule 5A:18.

To utilize the exception as the appellant suggests would broaden its application and

> undermine the trial court's ability to correct errors in the trial
> court[,] . . . thereby frustrat[ing] the ends of justice, not
> prevent[ing] a miscarriage of justice. Such an expansion of the
> exception would also encourage trial counsel to stand mute . . .

- 7 -

> thereby knowingly inviting the trial judge to commit error without having a sufficient opportunity to rule upon the issue.

Bazemore v. Commonwealth, 42 Va. App. 203, 220, 590 S.E.2d 602, 610 (2004) (*en banc*) (fifth alteration in original) (quoting Redman, 25 Va. App. at 221, 487 S.E.2d at 273).

Here, had the appellant challenged the condition below, the Commonwealth could have responded by producing additional evidence justifying the condition or could have suggested further narrowing of the condition. If faced with a timely objection, the trial judge could have modified the condition to be less restrictive or could have limited searches to those performed by probation officers in the context of supervision. Alternatively, the court could have forgone the condition entirely and possibly chosen instead to impose additional active time. See generally Murry, 288 Va. at 133, 762 S.E.2d at 583 (Mims, J., concurring) (noting that the trial court could impose the entire active sentence with no suspended portion). The options before the trial court *at the time of sentencing* were numerous, but the appellant's failure to challenge the condition at that time undermined the trial court's ability to consider those options or correct the alleged error.

The appellant has failed to establish a basis for this Court to invoke the ends-of-justice exception. Accordingly, Rule 5A:18 bars this assignment of error.

### III. CONCLUSION

We conclude that the appellant did not preserve for appeal his claim that the condition imposed as part of his supervised probation during the ten-year period of his sentence suspension was unreasonable. Further, the appellant is not entitled to invoke the ends-of-justice exception to Rule 5A:18 to excuse his failure to register a contemporaneous objection. For these reasons, we affirm the appellant's sentence. However, the sentencing order contains a clerical error in that it does not reference Code § 18.2-256, which prohibits conspiracy to distribute controlled substances pursuant to Code § 18.2-248, and it lists the crime of conviction as distribution rather

than conspiracy to distribute.  Consequently, we remand to the trial court solely for it to correct this clerical error.  <u>See</u> Code § 8.01-428(B); <u>Howell v. Commonwealth</u>, 274 Va. 737, 739 & n.*, 742, 652 S.E.2d 107, 108 & n.*, 109 (2007); <u>Tatum v. Commonwealth</u>, 17 Va. App. 585, 592-93, 440 S.E.2d 133, 138 (1994).

<u>Affirmed and remanded.</u>